[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13362
Non-Argument Calendar

_____

D.C. Docket No. 7:16-cr-00229-LSC-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRETT WILLIAM KIRKHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2018)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Brett Kirkham appeals from his convictions for enticement of a minor to

engage in prostitution, 18 U.S.C. § 2422(b), and possession of child pornography,

18 U.S.C. § 2252A(a)(5)(B).  He argues that the district court erred in denying his

motion to suppress evidence obtained pursuant to a search warrant, because the affidavit in support of the warrant was based on stale information.  After thorough review, we affirm.

"A district court's denial of a motion to suppress is a mixed question of law and fact."  United States v. Frank, 599 F.3d 1221, 1228 (11th Cir. 2010).  We review factual findings for clear error, but review the district court's application of the law to those facts de novo.  Id.  We also review de novo a district court's ruling on probable cause.  United States v. Butler, 102 F.3d 1191, 1199 (11th Cir. 1997).

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."  United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999).  However, "the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues."  United States v. Lopez, 649 F.3d 1222, 1246 (11th Cir. 2011) (quotations omitted).  In deciding if supporting information is "stale," we do not apply arbitrary time limits, but consider the particular facts of the case, like the maturity of the information, the nature of the suspected crime, the habits of the accused, the character of the items sought, and the nature and function of the area to be searched.  United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994).

2

The "good-faith exception" prevents the suppression of "reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate." United States v. Leon, 468 U.S. 897, 913 (1984). The good faith exception does not apply, however, where the underlying affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923 (quotations omitted).

Here, the district court did not err in denying Kirkham's motion to suppress. As the record reflects, the evidence in question consisted of nude photographs of a minor victim that were taken at some point during the four years before the search warrants were issued. The evidence was obtained pursuant to two search warrants that local law enforcement obtained in June 2016, for Kirkham's home, computers, cell phones, and hard drives, because they had evidence that Kirkham, a school official, violated Ala. Code § 13A-6-81, by having a sexual relationship with a student under the age of 19. At the hearing on the motion, it was disclosed that sexual activity between the victim and Kirkham began when the victim was 16 years old and occurred between January 1, 2014, and January 1, 2016. It was also revealed that the photographs began to be taken when the victim was 14, presumably in or about 2012. Thus, when the first affidavit was signed on June 14, 2016, the information was at least six months old at that time.

We recognize that the affidavit provided no clear time frame to establish probable cause that evidence of Kirkham's relationship with the victim still existed when the warrant was obtained.  However, even if the affidavit was insufficient to establish probable cause, we cannot say that the officers were "entirely unreasonable" in believing that it was sufficient.  The affidavit provided that the victim had sent nude photographs of himself to Kirkham "since he was 14 years old," suggesting -- although not precisely saying -- that sending nude photographs was an ongoing occurrence.  That implication was bolstered by the statement that the victim had "observed numerous pornographic images" of himself on Kirkham's computer.  Additionally, the affidavit said that Kirkham and the victim had been in a sexual relationship "over the last two years" and had engaged in sexual intercourse several times.  On this record, it would not be unreasonable, much less "entirely unreasonable" for an officer to believe that a man who received numerous nude photographs from a boy with whom he had a two-year sexual relationship would still possess those photographs, even if the relationship had ended.  Thus, the district court did not err in concluding that the good-faith exception applied, or in denying the motion to suppress.

**AFFIRMED**.

4